**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID VELASQUEZ-ESPINOSA,

Defendant - Appellant.

No. 09-2285

(D. New Mexico)

(D.C. No. 1:09-CR-01276-JEC-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

David Velasquez-Espinosa pleaded guilty to re-entry of a removed alien,

*see* 8 U.S.C. § 1326(a), and was sentenced to imprisonment for 57 months, which

was at the bottom of the guidelines range. On appeal he challenges only the

substantive reasonableness of his sentence, contending that the district court

should have granted him a downward variance. *See* Aplt. Br. at 7 ("Mr.

Velasquez-Espinosa does not challenge the procedural component of the sentence,

_____

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

but does challenge the substantive reasonableness . . . .").  We have jurisdiction under 28 U.S.C. § 1291.

Because Mr. Velasquez-Espinosa's sentence was within the advisory guidelines range, we must reject his claim of substantive unreasonableness unless he can overcome the presumption that the sentence was reasonable.  *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).  He has failed to do so.  His principal argument is that his criminal-history category overstated his criminal past because he has straightened up his life since he got married and had children.  He also raises the rather common argument that he is closely attached to his children.  The district court could reasonably decide that the sentence imposed was proper, particularly in light of Mr. Velasquez-Espinosa's conviction of aggravated driving while intoxicated only a few months before he entered his plea in this case.

We AFFIRM the judgment and sentence below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge